UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAYLYN PARKER,

      Petitioner,

      v.                                  CAUSE NO. 3:26cv283 DRL-SJF

WARDEN,

      Respondent.

OPINION AND ORDER

Jaylyn Parker, a prisoner without a lawyer, filed an amended habeas petition challenging a disciplinary decision (WCC 24-3-1209) at the Westville Correctional Center in which a disciplinary hearing officer (DHO) found him guilty of possessing a controlled substance. Following a hearing, he was sanctioned with a loss of thirty days earned credit time and a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the amended petition, Mr. Parker argues that he is entitled to habeas relief because he was denied his "right to a fair trial" because he was "seen & treated as guilty, never seen or treated as innocent from the time I received this false conduct [report]." Mr. Parker was not entitled to a trial in connection with prison disciplinary proceedings, but he was entitled to a disciplinary hearing and an impartial decisionmaker. *See Wolff v. McDonnell*, 418 U.S. 539, 557–58 (1974); *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). However, the allegations in the amended petition offer no explanation as to how

correctional staff treated him unfairly and are thus simply too vague to state a plausible claim of unfair bias.

Mr. Parker provided additional details in his initial petition (ECF 2), which the court will consider due to his *pro se* status. There, he alleged that correctional staff treated him as if he were guilty by preventing him from having a prison job or participating in programs while the disciplinary proceedings were pending. However, the departmental disciplinary policy expressly allows for correctional staff to remove inmates from work or program assignments during the pendency of disciplinary proceedings, so it is unclear how this amounts to unfair bias. Further, these allegations do not relate to the outcome of the disciplinary hearing or the fact or duration of Mr. Parker's incarceration as required for valid habeas claims. *See Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009) ("[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254.").

In the initial petition, Mr. Parker also alleges that the hearing officer's decision to discount the evidence submitted by Mr. Parker and to find him guilty amounts to unfair bias. However, adverse rulings alone are insufficient to demonstrate improper bias. *Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015). Consequently, Mr. Parker cannot proceed on a claim of improper bias. Because no other claims remain, the court will deny the habeas petition.

If Mr. Parker wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma*

*pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the amended habeas corpus petition (ECF 5);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Jaylyn Parker leave to proceed *in forma pauperis* on appeal (ECF 6).

SO ORDERED.

June 12, 2026                                  *s/ Damon R. Leichty*
                                               Judge, United States District Court